**LENTO LAW GROUP, P.C.**
Daniel W. Weininger (DW-5824)
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
Tel: (856) 652-2000
dwweininger@lentolawgroup.com
weiningerlaw@gmail.com
*Counsel for Defendant Craig Callaway*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| MARTY SMALL and LaQUETTA SMALL,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG CALLAWAY and JOHN DOES 1-5,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**Jury Trial Requested** |

Defendant Craig Callaway ("Callaway"), by and through his counsel, Lento Law Group, P.C., gives notice of removal of this case from the Superior Court of New Jersey, Law Division, Atlantic County, in which it is currently pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1441, 1446.  In support, and for the purpose of removal only, Callaway states the following:

1. On March 15, 2021, plaintiffs Marty and LaQuetta Small ("Plaintiffs") commenced this action against Callaway and several unnamed defendants alleging causes of action for slander per se (Count I) and conspiracy to slander (Count II).

2. Marty Small is currently the mayor of Atlantic City. (Compl. at ¶ 1). LaQuetta Small is currently the principal of Atlantic City High School. She was formerly the principal of the Pennsylvania Avenue School from 2013 through 2018. (*Id.* at ¶ 2).

3. Callaway received service of the complaint on or about March 25, 2021.

4. A party may timely remove a pending state court action to federal district court if the federal district court would have had original jurisdiction over the state court action. 28 U.S.C. § 1441.

5. Federal jurisdiction over state law claims exists where a federal question is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see also Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005).

6. Since Plaintiffs are both public officials/figures they must establish, among other things, that Callaway slandered them with "actual malice," otherwise known as "constitutional malice." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Senna v. Florimont*, 196 N.J. 469, 496 (2008) ("[t]he actual-malice

standard will apply when the alleged defamatory statement concerns a public figure or a public official").

7. The actual malice standard derives from the First and Fourteenth Amendments to the United States Constitution. *New York Times*, 376 U.S. at 283 ("We conclude that such a privilege is required by the First and Fourteenth Amendments."). It is a "*federal rule* that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made . . . with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 279-80; *see also Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 163-65 (1967) (Warren, C.J., concurring) (applying the actual malice standard to public figures).

8. Because Plaintiffs must establish "actual malice" as an element of their slander per se claim, and since the actual malice standard is "required by the First and Fourteenth Amendments," the complaint "necessarily raise[s]" a federal question that is "actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

9. Furthermore, this notice of removal is being timely filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1).

10. The complaint constitutes the only "process, pleadings, and orders" that have been filed in this action to date. 28 U.S.C. § 1446(a). A copy of the complaint is attached. (**Ex. A**).

11. This notice of removal is being provided to the Superior Court of New Jersey, Atlantic County, Law Division, as well as opposing counsel, concurrent with its filing in this Court. A copy of the notice to the Superior Court is attached. (**Ex. B**).

12. Since the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and because all other prerequisites for removal are satisfied, this matter may be removed pursuant to 28 U.S.C. § 1441.

In view of the foregoing, Callaway respectfully requests that the United States District Court for the District of New Jersey accept this notice of removal and exercise jurisdiction over this action.

## JURY DEMAND

Callaway respectfully requests a trial by jury on all matters before the Court to the extent allowed by law.

                              Respectfully submitted,

Dated: April 8, 2021              /s/ *Daniel W. Weininger*
                                      Daniel W. Weininger (DW-5824)
                                      Lento Law Group, P.C.
                                      3000 Atrium Way, Suite 200
                                      Mount Laurel, NJ 08054
                                      Tel: (856) 652-2000
                                      dwweininger@lentolawgroup.com
                                      weiningerlaw@gmail.com

                                      *Counsel for Defendant Craig Callaway*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that on this day, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

                                      /s/ *Daniel W. Weininger*
                                      Daniel W. Weininger

## REQUEST PURSUANT TO LOCAL RULE 201.1(d)(2)

Callaway hereby requests that this case not be designated or processed for compulsory arbitration as (1) it involves complex issues of public official/figure defamation law, and (2) the legal issues predominate over the factual issues. The case also implicates First Amendment protections contemplated under *New York*

*Times Co. v. Sullivan*, 376 U.S. 254 (1964), which makes formal adjudication, rather than arbitration, appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2021, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and served the following non-ECF participants through United States Postal Service first class mail and electronic mail at:

Edwin J. Jacobs, Jr., JACOBS & BARBONE, P.A., 1125 Pacific Avenue, Atlantic City, New Jersey 08401; and ejacobs@jacobsbarbone.law

/s/ *Daniel W. Weininger*
Daniel W. Weininger

*Counsel for Defendant Craig Callaway*