# Exhibit C



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| CRAIG CARPENITO<br>United States Attorney<br><br>DIANA VONDRA CARRIG<br>Assistant United States Attorney | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE<br>401 Market Street, 4th Floor<br>Post Office Box 2098<br>Camden New Jersey 08101-2098 | 856.757.5026<br>Fax: 856.968.4917<br>diana.carrig@usdoj.gov |

May 15, 2020

Lisa Lewis, Assistant Federal Public Defender
Office of the Federal Public Defender
800 Cooper Street, Suite 350
Camden, New Jersey 08102

      Re: <u>Plea Agreement with Kayan Frazier</u>

Dear Ms. Lewis:

      This letter sets forth the plea agreement between your client, Kayan Frazier, and the United States Attorney for the District of New Jersey ("this Office").

CHARGE

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Kayan Frazier, **pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure**, to a one-count Information that charges him with the exploitation of a child, that is, Minor Child 1, in violation of 18 U.S.C. § 2251(a).

      If Kayan Frazier enters a guilty plea and **is sentenced within the range of at least 240 months but not more than 300 months' imprisonment followed by a term of supervised release of life on this charge** (hereinafter the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Kayan Frazier for his sexual exploitation of Minor Child 1 during the time period from March 2017 through April 15, 2019, and for his possession, receipt and distribution of images of minors engaged in sexually explicit conduct, including Minor Child 1, during the period from at least as early March 2015 and continuing through April 15, 2019.

      In addition to pleading guilty to one count of child exploitation, Kayan Frazier must admit at the time of his guilty plea hearing under oath to having possessed, received and distributed images and videos of minors engaged in sexually explicit conduct. Kayan Frazier further agrees that all of his conduct in possessing, receiving and distributing such sexually explicit images may be taken into account by the Court at the time of sentencing as relevant conduct pursuant to U.S.S.G. § 1B1.2(c), and that the Court may order restitution to any victims

of such unlawful possession, receipt and distribution who are identifiable at the time of sentencing.

In the event that the guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Kayan Frazier agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Kayan Frazier may be commenced against him, notwithstanding the expiration of the limitations period after Kayan Frazier signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

## SENTENCING

The violation of 18 U.S.C. § 2251(a) to which Kayan Frazier agrees to plead guilty carries a statutory mandatory minimum sentence of 15 years, a statutory maximum prison sentence of 30 years, pursuant to 18 U.S.C. § 2251(e), and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2251(a), if the Court determines that Kayan Frazier has a prior conviction under Chapter 110 Section 1591, Chapter 71, Chapter 109A, or Chapter 117, or under Section 920 of Title 10 (Article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then the violation of 18 U.S.C. § 2251(a) to which Kayan Frazier agrees to plead guilty instead carries a mandatory minimum sentence of 25 years and a statutory maximum prison sentence of 50 years. Moreover, pursuant to 18 U.S.C. § 2251(a), if the Court determines that Kayan Frazier has 2 or more convictions under Chapter 110, Chapter 71, Chapter 109A, or Chapter 117, or under Section 920 of Title 10 (Article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, the violation of 18 U.S.C. § 2251(a) to which Kayan Frazier agrees to plead guilty instead carries a mandatory minimum sentence of 35 years and a statutory maximum prison sentence of life.

Further, in addition to imposing any other penalty on Kayan Frazier, the sentencing judge:

(1) Will order Kayan Frazier to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) Will order Kayan Frazier to pay an additional mandatory special assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, unless the Sentencing Court finds the defendant Kayan Frazier to be indigent;

(3) Will order, pursuant to 18 U.S.C. § 2259A, a special assessment of not more than $50,000, because the offense involved conduct occurring after December 7, 2018;

(4) Must order Kayan Frazier to pay restitution to the victims of his offense as more fully discussed in this agreement pursuant to 18 U.S.C. § 2259, including Minor Child 1 and any victims of Kayan Frazier's possession, receipt and distribution of images and videos of children engaged in sexually explicit conduct who are identifiable at the time of sentencing, pursuant to 18 U.S.C. § 2259;

(5) Must order forfeiture pursuant to 18 U.S.C. § 2253; and

(6) Pursuant to 18 U.S.C. § 3583(k), must require Kayan Frazier to serve a term of supervised release of at least 5 years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

While on supervised release, should Kayan Frazier violate any of the conditions of supervised release before the expiration of its term, Kayan Frazier may be sentenced to not more than three years' imprisonment (or 5 years' imprisonment if Kayan Frazier is subject to a statutory maximum term of life due to 2 prior predicate offenses) in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Kayan Frazier while on supervised release be found, in a manner that satisfies *United States v. Haymond*, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, Kayan Frazier must be sentenced to at least five years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Kayan Frazier agree that a sentence of imprisonment within the Stipulated Sentencing Range, that is, within the range of at least 240 months but not more than 300 months' followed by a term of supervised release of life is the appropriate disposition of this case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence Kayan Frazier to a term of imprisonment within the range of at least 240 months but not more than 300 months' followed by a term of supervised release of life. If however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, Kayan Frazier has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

## RESTITUTION

Kayan Frazier agrees that pursuant to Title 18, United States Code, Section 2259 and 3663, he will be required to pay restitution to the victim of the offense to which Kayan Frazier is pleading guilty, that is, Minor Child 1, and also any victims of any relevant conduct, as defined in United States Sentencing Guidelines, Section 1B1.3. Kayan Frazier further agrees that the Court may order restitution to any victims of his uncharged criminal conduct involving the unlawful possession, receipt and distribution of sexually explicit images and videos of minors during the period from in or about March 2015 through on or about April 15, 2019.

## FORFEITURE

Kayan Frazier agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, he will forfeit to the United States: (1) all digital media, including media recovered during the searches of Kayan Frazier's residence on April 12, 2019 and May 23, 2019, on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 110 of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property (the "Forfeitable Property," which includes the items listed on Schedule B hereto, which hereby is made a part of this plea agreement.

Kayan Frazier further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Kayan Frazier agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Kayan Frazier understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Kayan Frazier further agrees that the federal

agency in possession of the Forfeitable Property may, in its discretion, destroy or cause the destruction of the Forfeitable Property.

Kayan Frazier hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## RIGHTS OF THIS OFFICE REGARDING SENTENCING

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Kayan Frazier by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Kayan Frazier's activities and relevant conduct with respect to this case.

## STIPULATIONS

This Office and Kayan Frazier agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and legal conclusions and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release this Office or Kayan Frazier from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## WAIVER OF APPEAL AND POST-SENTENCING RIGHTS

This Office and Kayan Frazier agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Kayan Frazier further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early

termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgment of conviction or sentence. Lastly, the parties have stipulated to certain facts, Guidelines calculations, and statements in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts, Guidelines calculations, and statements.

## IMMIGRATION CONSEQUENCES

Kayan Frazier understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Kayan Frazier understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Kayan Frazier wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Kayan Frazier understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Kayan Frazier waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## REGISTRATION CONSEQUENCES

Kayan Frazier understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Kayan Frazier wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Kayan Frazier understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Kayan Frazier waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## ADAM WALSH CHILD PROTECTION AND SAFETY ACT

Kayan Frazier has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Kayan Frazier resides; where he is an employee; and where he is a student. Kayan Frazier understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Kayan Frazier further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Kayan Frazier has been advised, and

understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### OTHER PROVISIONS

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Kayan Frazier. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Kayan Frazier.

### NO OTHER PROMISES

This agreement constitutes the plea agreement between Kayan Frazier and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: DIANA VONDRA CARRIG
Assistant U.S. Attorney

APPROVED:

MATTHEW J. SKAHILL
Deputy United States Attorney

I have received this letter from my attorney, Lisa Lewis, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, immigration consequences, registration consequences and the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 7/7/20
KAYAN FRAZIER


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, restitution, immigration consequences, registration consequences and the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 8/14/20
LISA LEWIS, ESQUIRE

## PLEA AGREEMENT WITH KAYAN FRAZIER

### Schedule A

1. This Office and Kayan Frazier agree to stipulate to the following facts, statements, and Guidelines calculations:

   a. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

   b. The applicable guideline for sexual exploitation of a minor charged in the information is U.S.S.G. § 2G2.1. This guideline carries a Base Offense Level of 32. *See* U.S.S.G. § 2G2.1(a).

   c. Specific Offense Characteristic § 2G2.1(b)(1) applies because the offense involved a minor who had not attained the age of twelve years. This Specific Offense Characteristic results in an increase of 4 levels.

   d. Specific Offense Characteristic § 2G2.1(b)(2)(A) applies because the offense involved the commission of a sexual act or sexual contact. This Specific Offense Characteristic results in an increase of 2 levels.

   e. Specific Offense Characteristic § 2G2.1(b)(5) applies because the minor was otherwise in the custody, care or supervisory control of the defendant. This Specific Offense Characteristic results in an increase of 2 levels.

   f. Defendant Kayan Frazier engaged in a pattern of activity involving prohibited sexual conduct. Because the sexual exploitation of a child is a "covered sex crime" and defendant Kayan Frazier is not a Career Offender pursuant to U.S.S.G. § 4B1.1 and has no prior known sex offense convictions, a 5 level upward adjustment applies pursuant to U.S.S.G. § 4B1.5(b)(1).

   g. As of the date of this letter, Kayan Frazier has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Kayan Frazier's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

   h. As of the date of this letter, Kayan Frazier has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Kayan Frazier's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Kayan Frazier enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Kayan Frazier's acceptance of responsibility has continued through the date of sentencing and Kayan Frazier therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Kayan Frazier's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

   i. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Kayan Frazier is 42 (the "agreed total Guidelines offense level").

## PLEA AGREEMENT WITH KAYAN FRAZIER

### Schedule B – List of Items to be Forfeited

1. Apple iPhone 8 Plus model A1897 (IMEI #353013090127008) [item 00003];

2. Samsung Galaxy S7 Model SM-G930A (IMEI #359470070640901) [item 00004];

3. Apple iPad 4th Gen Model A1458 (Serial #DKVM205ZF182) in red case [item 00006];

4. Dell Inspiron 1545 Model PP41L - red in color (Service tag #D3R6WJ1) [item 00007];

5. Samsung Galaxy S6 Edge Model SM-G925P (IMEI #256691544901189508) [item 00008];

6. Apple iPad Mini 2 Model A1489 (Serial #F4LLW1ZMFCM5) [item 00011];

7. Apple iPod Touch 5th Gen Model A1509 (Serial #C3II98GNFFCJ) [item 00012];

8. Samsung Galaxy Tab 3 Model SM-T217S in red case (IMEI #256691514102439046) [item 00013];

9. Kyocera feature phone Model S1360 (IMEI #268435462506695338) [item 00014];

10. Four (4) USB thumb drives of various sizes and manufacturers [item 00015];

11. 32GB SanDisk USB thumb drive (Serial #BM180126155Z) [item 00016];

12. 16GB PNY USB thumb drive (black in color) [item 00017];

13. Four (4) media discs [item 00018];

14. Apple iPhone 6 Model A1586 (IMEI #353028096387349) [item 00019];

15. Two (2) media discs [item 00021]; and

16. Dell Latitude 3330 laptop Model P18S (service tag #H3HCRT1) [item 00027].

- 11 -