Edwin J. Jacobs, Jr., Esquire (NJ Attorney I.D.#2714011971)
JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
ejacobs@jacobsbarbone.law
Attorneys for Plaintiffs Marty Small and LaQuetta Small

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY SMALL and LaQUETTA SMALL,<br><br>      Plaintiffs,<br><br>vs.<br><br>CRAIG CALLAWAY and JOHN DOES 1-5<br>      Defendants. | Case No.: 1:21-cv-08665-JHR-AMD<br><br>Civil Action |

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS UNDER FED. R. CIV. P. 12(b)(6)

On the Brief:

    Edwin J. Jacobs, Jr.

TABLE OF CONTENTS

|   | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PROCEDURAL HISTORY | 1 |
| STATEMENT OF FACTS | 2 |
| LEGAL STANDARD | 4 |
| LEGAL ARGUMENT | 5 |
|    POINT I | 5 |
|    PLAINTIFFS' COMPLAINT SUFFICIENTLY PLEADS FACTS SHOWING THAT DEFENDANT CALLAWAY PUBLISHED HIS FALSE STATEMENTS WITH ACTUAL MALICE | |
|    POINT II | 9 |
|    PLAINTIFFS HAVE PLAUSIBLY ALLEGED CIVIL CONSPIRACY | |
| CONCLUSION | 12 |

TABLE OF AUTHORITIES

| CASE(S): | PAGE |
|---|---|
| Banco Popular No. America v. Gandi, 184 N.J. 161, 177 (2005) | 9 |
| Bell Atl. Corp. v. Twombly, 50 U.S. 544, 570 (2007) | 4 |
| Biondi v. Nassimos, 300 N.J. Super. 148 (App. Div. 1997) | 5 |
| Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977) | 4 |
| Costello v. Ocean County Observer, 136 N.J. 594 (1994) | 5 |
| Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) | 4 |
| Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989) | 11 |
| Watson v. Abbington Twp., 478 F.3d 144, 150 (2007) | 4 |

| RULE(S) & STATUTE(S): | |
|---|---|
| 28 U.S.C. § 1447 | 2 |
| F.R.C.P. 12(b)(6) | 1 |

PROCEDURAL HISTORY

On January 11, 2021, Plaintiffs Marty Small and LaQuetta Small filed a Tort Claim Notice with the Attorney General of the State of New Jersey and the Superintendent of the Atlantic City School District advising each of Plaintiffs' claims against the Atlantic City Board of Education for the retaliatory conduct of certain Board members acting in concert with Defendant Craig Callaway to defame Plaintiffs. (Exhibit A).

On March 15, 2021, Plaintiffs filed their Complaint against Defendant Craig Callaway and John Does 1-5 in the Superior Court of New Jersey, Atlantic County, Law Division/Civil Part under Docket No. ATL-L-000862-21. (Exhibit B).

On April 8, 2021, Defendant Callaway, through his attorney Daniel W. Weininger, Esquire of the Lento Law Group, P.C., filed a Notice of Removal in the United States District Court, District of New Jersey, Camden Vicinage generating Case No. 1:21-cv-08665.

On April 15, 2021, Defendant Callaway filed a Motion to Dismiss Plaintiffs' complaint pursuant to F.R.C.P. 12(b)(6).

On April 20, 2021, Plaintiffs filed a Motion to Remand the case to the Superior Court of Atlantic County pursuant to 28 U.S.C. §1447.

STATEMENT OF FACTS

Plaintiffs Marty Small and LaQuetta Small rely on and incorporate here paragraphs 1 through 22 of their Complaint. (Exhibit B). Plaintiffs summarize those paragraphs as follows:

On October 19, 2020, Defendant Callaway called into the Harry Hurley talk show, WPG 95.5 FM, and published multiple lies to the 1.8 million citizens across the seven South Jersey counties that make up Hurley's audience. Defendant Callaway accused Plaintiffs of consenting to the rape of children in their home by LaQuetta Small's cousin, Kayan Frazier, and covering it up. Thus, Defendant Callaway falsely accused the Plaintiffs of committing a crime.

During his interview with Hurley, Defendant Callaway stated:

> "Marty Small attacked me about my support for Van Drew ... and I just want to say this ... **Marty, you and your wife should have been focused on protecting and saving children who were in your home, who were savagely attacked and raped in your home**".

Hurley asked if there was actually any evidence that the allegations in the Federal criminal Complaint against Frazier (Frazier Complaint) took place in the plaintiffs' home and Defendant Callaway responded:

> "yes ... its **public**, it's right there ... it happened, it actually happened ... that's the reason the monster was removed from their home".

Defendant Callaway provided no factual support for his statements that children were raped in Plaintiffs' home nor did he explain where it was "public" record. There is no "public" record

2

supporting Defendant Callaway's allegations. His statements were false.

One week later, on October 26, 2020, Defendant Callaway appeared for a live AC 411 interview and stated the following:

1. It was "public information" that "LaQuetta Small caught Frazier with a child";

2. "Marty allowed Frazier to attack children time after time in Somers Point";

3. "Marty caught Frazier with a child";

4. "Frazier was raping children in **his** 2200 Hamilton Avenue apartment *and* **his** Somers Point apartment"; and

5. Dr. Small did nothing as Principal.

Numbers 1, 2, 3 and 5 above are completely false. And numbers 2 and 4 contradict Callaway's initial statement on Harry Hurley that children were "raped" in plaintiffs' home.

Plaintiff LaQuetta Small's cousin, Kayan Frazier, moved out of the Small home and into his own apartment by November of 2015. Counts II and III of the Frazier Complaint charge production and distribution of child pornography, respectively, beginning March 2017 through April 15, 2019. These dates are years after Frazier vacated Plaintiffs' residence. Frazier was not "raping" kids in the Small home when he did not live there. Further, Plaintiffs learned of Frazier's inappropriate conduct involving a student two years after Frazier moved into his own apartment. And Plaintiff

3

LaQuetta Small reported her cousin and sought removal on more than one occasion.

## LEGAL STANDARD

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in a light most favorable to the non-movant." Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 153, 154 n. 1 (3d Cir. 2014). When the complaint's factual allegations are sufficient to raise a plaintiff's right to relief above a speculative level, the claim is "plausible on its face." Bell Atl. Corp. v. Twombly, 50 U.S. 544, 570 (2007). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abbington Twp., 478 F.3d 144, 150 (2007). Instead, the Court must simply ask whether the plaintiff has articulated enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 50 U.S. 544, 570 (2007). The Plaintiffs have done so.

LEGAL ARGUMENT

POINT I

PLAINTIFFS' COMPLAINT SUFFICIENTLY PLEADS FACTS SHOWING THAT DEFENDANT CALLAWAY PUBLISHED HIS FALSE STATEMENTS WITH ACTUAL MALICE.

Slander per se is actionable when one person accuses another of any of the four categories below:

1. having committed a criminal offense;

2. having a loathsome disease;

3. engaging in conduct or having a condition or trait incompatible with his or her business; and

4. having engaged in serious sexual misconduct.

<u>Biondi v. Nassimos</u>, 300 N.J. Super. 148 (App. Div. 1997). Defendant Callaway's statements fall into categories 1, 3 & 4 so the need to demonstrate damages is waived. <u>Id.</u> Because Plaintiffs are public figures, proof that defendant Callaway was motivated by actual malice – that he knew the statement was false or recklessly disregarded the truth – is required. <u>Costello v. Ocean County Observer</u>, 136 N.J. 594 (1994). Plaintiffs have pled sufficient facts plausibly showing that defendant Callaway accused them of a crime with knowledge that his statements were false, or at least in reckless disregard of the truth.

At page 7 of his brief, defendant Callaway claims that: 1) the complaint omits facts alleging actual malice and 2) the allegations are insufficient to plausibly establish that defendant

Callaway published his statements with actual malice. Defendant Callaway's argument fails for the following reasons:

First, Count I of plaintiffs' complaint focused on two separate broadcast interviews wherein Defendant Callaway published <u>multiple</u> lies to the public. On October 19, 2020, defendant Callaway called into the Harry Hurly talk show and claimed that it was "public" record that children were "raped" in the plaintiffs' home. There is no "public" record that provides any support for defendant Callaway's claim. During that interview, defendant Callaway referenced the Frazier Complaint multiple times, but nowhere in that 29 page document does it say that children were raped in the plaintiffs' home. The Complaint does not even list the plaintiffs' home address (116 Presbyterian Avenue).

Second, one week after defendant Callaway appeared on Harry Hurley and repeatedly stated that it was "public" record that children were raped in the plaintiffs' home, he appeared live on AC 411 and contradicted that statement. Defendant Callaway was contemplating all the different locations where Frazier <u>could have</u> been raping children, including <u>Frazier's</u> Somers Point apartment and <u>Frazier's</u> 2200 Hamilton Avenue apartment, but <u>not</u> 116 Presbyterian Avenue. Furthermore, defendant Callaway said that "Marty allowed Frazier to rape children in Frazier's Somers Point apartment", which is opposite of his statements to Hurley on October 19. Defendant Callaway's contradictions demonstrate that

6

he knew the statements he published on October 19, 2020 were false and/or in reckless disregard for the truth.

Third, aside from contradicting his own statement that children were raped in plaintiffs' home, defendant Callaway published <u>additional</u> lies on October 26, 2020. Defendant Callaway claimed that it was "public information" that "LaQuetta Small caught Frazier with a child." He did not elaborate whether plaintiff "LaQuetta Small caught Frazier with a child" in plaintiffs' home, but any reasonable listener would make such an inference based on the totality of defendant Callaway's publications. <u>McLaughlin v. Rosanio Bailets & Talamo, Inc.</u>, 331 N.J. Super. 303 (App. Div. 2000)(holding that the content of the defamatory statement must be judged not by its literal meaning, but by its objective meaning to a reasonable person of ordinary intelligence). That is false. Defendant Callaway also claimed that plaintiff "Marty Small caught Frazier with a child." That is a lie. Finally, defendant Callaway stated that plaintiff LaQuetta Small did nothing as Principal when she learned that her cousin was engaging in inappropriate behavior with a student after school hours in violation of District policy. That is also false. When plaintiff LaQuetta Small learned of Frazier's behavior in February of 2017, she reported it in accordance with the School District's policy:

    (a)    On February 24, 2017, Dr. Small filed a report with the Division of Child Protection and Permanency and detailed the unprofessional conduct of Frazier;

    (b)    Simultaneously, Dr. Small completed a Source4Teachers incident report form that cited Frazier for unprofessional conduct and recommended that he be "removed from school";

    (c)    Dr. Small took an additional step and contacted the mother of the student that Frazier was spending time with outside of school. The student's mother told Dr. Small that Frazier was "helping out";

    (d)    On March 15, 2017, Dr. Small sent follow-up correspondence to the District Manager of Source4Teachers, Wesley Wallace. She believed the student was still staying overnight at Frazier's home and repeated that Frazier's conduct was "inappropriate"; and

    (e)    When Dr. Small received a response from Mr. Wallace, she immediately sent another letter disclosing new information regarding Frazier texting a student.

Exhibit B, ¶ 6.

Fourth, in both of his public interviews, defendant Callaway referenced the Frazier Complaint multiple times. He did that under the guise that it was his authority for the false statements he was publishing. However, that complaint makes clear that Counts II and III charge production and distribution of child pornography, respectively, beginning in March 2017 through April 15, 2019, years after Frazier vacated the plaintiffs' residence. Although Count 1 of the complaint sets a timeframe beginning March 2015, a time Frazier did live at the plaintiffs' home, it charges **only** <u>receipt</u> of child pornography and not production of child pornography. And

the Complaint focused only on Frazier's residence(s), not the plaintiffs'. Finally, Frazier pled guilty to one count of sexually exploiting a child. He did not plead guilty to "raping" children in the plaintiffs' home during any time period.

In quick summary, defendant Callaway accused the plaintiffs' of committing a crime on October 19, 2020. The defendant falsely claimed the statements he made on that date were "public". One week later, on October 26, 2020, the defendant contradicted his previous statements thereby demonstrating that he published such statements with knowledge that they were false and/or in reckless disregard of the truth. The defendant also published additional lies regarding the plaintiffs on October 26, 2020. The defendant's multiple lies and contradictions sufficiently establish actual malice.

## POINT II

PLAINTIFFS HAVE PLAUSIBLY ALLEGED CIVIL CONSPIRACY

Defendant Callaway claims that plaintiffs have failed to allege sufficient facts plausibly showing a civil conspiracy. Civil conspiracy requires a showing that two or more people acted in concert to commit an unlawful act, the principle element of which is an agreement between the parties to inflict an injury upon another and an overt act that results in damage. <u>Banco Popular No. America v. Gandi</u>, 184 N.J. 161, 177 (2005). Defendant

Callaway claims that the civil conspiracy count fails for three reasons. He is wrong as to each.

First, at page 12 of his dismissal brief, defendant Callaway argues that the plaintiffs failed to plausibly allege an "underlying wrong". Plaintiffs have pled sufficient factual allegations demonstrating that the defendant slandered them knowing his statements were false and/or in reckless disregard for the truth. Paragraphs 11 through 14 of plaintiffs' complaint, as well as paragraphs 15 through 18, plausibly establish that defendant Callaway published his false statements with actual malice. That is the underlying wrong.

Next, defendant Callaway claims that the plaintiffs did not specify any "overt act" committed in furtherance of the conspiracy. However, as the defendant acknowledges on pages 12 and 13 of his dismissal brief, plaintiffs alleged that defendant Callaway was "encouraged" by certain Board Members <u>and</u> "collaborated" with certain Board Members to defame the plaintiffs. After defendant Callaway's collaboration with certain members of the Atlantic City Board of Education, he appeared on two live interviews and published false information about the plaintiffs. So it is indisputable that <u>more than one</u> overt act was taken by defendant Callaway in furtherance of slandering the plaintiffs' name.

Finally, at page 13 of his dismissal brief, defendant Callaway claims that plaintiffs have omitted identifying information (name

10

or description) of the unnamed defendants who conspired with Callaway and so the claim should be dismissed. However, the Third Circuit has held that:

> To plead conspiracy adequately, a plaintiff must set forth allegations that address the **period of the conspiracy, the object of the conspiracy,** and the **certain actions of the alleged conspirators taken to achieve that purpose.**

Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989). The case does not require that each conspirator be named in the first pleading. Nor does it require an explanation of each named conspirator's involvement in the first pleading.

Plaintiffs have satisfied all three Shearin requirements: the period of the conspiracy encompassed the months leading up to the November 2020 special election; the object of the conspiracy was to publish information regarding Mayor Small and Dr. Small that the defendants knew was false; and the certain actions taken by the conspirators were collaboration to defame and the publication of slanderous statements by defendant Callaway on two different occasions. The fact that plaintiffs identified certain John Does and are still confirming each of those John Does is no basis to dismiss the civil conspiracy count that has been sufficiently pled. Conspiracies are secret and so are the conspirators. Plaintiffs cannot be punished for investigating and confirming the identities of the conspirators.

## CONCLUSION

For all the above reasons, defendants' motion to dismiss should be denied.

>                              Respectfully submitted,
>                              JACOBS & BARBONE, P.A.
>
>
>                              /s/ Edwin J. Jacobs, Jr.

Dated: 5/3/21