**LENTO LAW GROUP, P.C.**
Daniel W. Weininger (DW-5824)
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
Tel: (856) 652-2000
Fax: (856) 375-1010
dwweininger@lentolawgroup.com
weiningerlaw@gmail.com
*Counsel for Defendant Craig Callaway*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY SMALL and LaQUETTA SMALL,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG CALLAWAY and JOHN DOES 1-5,<br><br>Defendants. | Case No. 1:21-cv-08665-JHR-AMD<br><br>Motion Date: May 17, 2021<br><br>**ORAL ARGUMENT<br>REQUESTED** |

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CRAIG CALLAWAY'S MOTION TO DISMISS THE COMPLAINT

---

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENTS ..........................................................................................1

    I.   The "Actual Malice" Allegations Consist of Nothing More than
        Formulaic Legal Conclusions.............................................................. 1

    II.  Plaintiffs Offer No Compelling Reason Why the Civil Conspiracy
        Claim Should Proceed .......................................................................... 3

CONCLUSION ..........................................................................................7

CERTIFICATE OF SERVICE ................................................................. 8

i

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                          **Page(s)**

*Appleby v. Glaxo Wellcome, Inc.*,
    2005 U.S. Dist. LEXIS 32875 (D.N.J. Dec. 13, 2005)........................................ 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................... 5-6

*Banco Popular N. Am. v. Gandi*,
    184 N.J. 161 (2005) ........................................................................................ 4

*BanxCorp v. Apax Partners., L.P.*,
    2011 U.S. Dist. LEXIS 32364 (D.N.J. Mar. 28, 2011) ...................................... 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................ 5

*Ecotone Farm, LLC v. Ward*,
    2016 U.S. Dist. LEXIS 160876 (D.N.J. Nov. 21, 2016) .................................... 4

*G.D. v. Kenny*,
    205 N.J. 275 (2011) ....................................................................................... 2

*Masson v. New Yorker Magazine, Inc.*,
    501 U.S. 496 (1991)........................................................................................ 2

*Nance v. Danley*,
    2018 U.S. Dist. LEXIS 164834 (D.N.J. Sep. 26, 2018) .................................... 5

*Nanji v. Nat'l Geographic Soc'y*,
    403 F. Supp. 2d 425 (D. Md. 2005).................................................................. 3

*Read v. Profeta*,
    397 F. Supp. 3d 597 (D.N.J. 2019).................................................................. 2

*Shearin v. E.F. Hutton Group, Inc.*,
    885 F.2d 1162 (3d Cir. 1989) .......................................................................... 5

*Simonson v. United Press, Intern. Inc.*,
    654 F.2d 478 (7th Cir. 1981) ............................................................................... 3

*Zisa v. Haviland*,
    2018 U.S. Dist. LEXIS 180823 (D.N.J. Oct. 19, 2018) ...................................... 5

## **Court Rules**

Fed. R. Civ. P. 11(b)(3) ........................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 5-7

Fed. R. Evid. 901(a) ............................................................................................... 5

## ARGUMENTS

### I.   The "Actual Malice" Allegations Consist of Nothing More than Formulaic Legal Conclusions

Plaintiffs fall far short of plausibly alleging that Callaway published his statements with "actual malice."[1]

The most prevalent misconception in the opposition brief is the conflation between the elements of falsity and actual malice.  Plaintiffs label a number of Callaway's statements as "false," "completely false," or outright "lies." (Pls.' Opp., DE 9, Page ID # 187, 190-91).  Whether a published statement is false and whether the publisher acted with actual malice are separate and distinct inquiries.  Statements may very well contain demonstrable falsehoods that are objectively verifiable.  That does not mean the defendant published them with knowledge or reckless disregard of their falsity, *i.e.*, actual malice, which calls for a subjective inquiry into the publisher's mental state.

Whether Callaway purported that Frazier abused children at "Frazier's Somers Point apartment," "Frazier's 2200 Hamilton Avenue apartment," or the Smalls' residence is also inconsequential.  The different locations are not "contradictions" that inescapably point to Callaway's reckless disregard for the

---

[1] Plaintiffs acknowledge that Dr. Small is a public figure who must plausibly demonstrate Callaway published his statements with actual malice. (Pls.' Opp., DE 9, Page ID # 189) ("Because Plaintiffs are public figures, proof that defendant Callaway was motivated by actual malice . . . is required.").

1

truth. (*Id.* at Page ID # 187, 190-91, 193).  Reading Atlantic City's voter history database – which shows that Frazier resided at Plaintiffs' home as recently as March 2021 – alongside the timeline in the criminal complaint, yields the reasonable conclusion that the charged offenses occurred while Frazier resided with Plaintiffs *as well as* the other listed dwellings.[2]  Plaintiffs' view that "[t]here is no 'public record' supporting Defendant Callaway's allegations" is plain wrong. (*Id.* at Page ID # 187; *see also id.* at Page ID # 190).

Another significant roadblock to Plaintiffs' recovery is that Callaway's statements are shielded by the substantial truth doctrine.  Defamation law "overlooks minor inaccuracies and concentrates upon substantial truth." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516 (1991).  "Truth may be asserted as a defense" to slander per se "even when a statement is not perfectly accurate." *G.D. v. Kenny*, 205 N.J. 275, 293 (2011).  "Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge [is] justified." *Masson*, 501 U.S. at 517 (quotation omitted); *see also Read v. Profeta*, 397 F. Supp. 3d 597, 651 (D.N.J. 2019).

---

[2] The absence of any reference to Plaintiffs' home address in the criminal complaint does not refute Callaway's statements that Frazier abused children at Plaintiffs' home. (Pls.' Opp., DE 9, Page ID # 190).  On the contrary, Atlantic City's voter history database illustrates how the timing of the charged offenses coincides with Frazier's residence at Plaintiffs' house.

Whether Frazier plead guilty to "sexually exploiting" children as opposed to "raping" children (as Callaway allegedly claimed) is not slanderous because the gist of the accusation is substantially true. *See Nanji v. Nat'l Geographic Soc'y*, 403 F. Supp. 2d 425, 432 (D. Md. 2005) (holding that "use of the term 'rape' as shorthand for sexual misconduct, *i.e.*, 'sexual assault' or 'sexual abuse,'" is not libelous); *see also Simonson v. United Press, Intern. Inc.*, 654 F.2d 478, 481-82 (7th Cir. 1981) (news report substituting "rape" for the legal term "sexual assault" not libelous). Technical legal distinctions like these are not defamatory. *See Nanji*, 403 F. Supp. 2d at 432 ("technical errors in legal nomenclature in reports on matters involving violation of the law are of no legal consequence.") (collecting authorities).

In the same vein, Callaway's alleged statement that Dr. Small "did nothing as principal" to deter Frazier's criminal conduct is substantially true.   Dr. Small "learned that Frazier was interacting with a student outside of school hours, in part by picking him up from school in his personal vehicle and hosting him overnight." (Compl., DE 1-2, Page ID # 11, ¶ 6).  Yet, as the complaint notes, Dr. Small took no measures to ensure the Atlantic City Board of Education formally investigated Frazier's misconduct. (*Id.* at Page ID # 12, ¶ 7).

## II.   Plaintiffs Offer No Compelling Reason Why the Civil Conspiracy Claim Should Proceed

Plaintiffs' muster several arguments to bolster their civil conspiracy claim. None of them are persuasive.

3

As previously discussed, the complaint does not plausibly allege an "underlying wrong" that affords its own "right of action" since the slander per se claim fails to state a plausible claim for relief.  Absent an "underlying wrong" there is no civil conspiracy claim. *See Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177-78 (2005) ("the gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action.").  The opposition brief does not alter this conclusion.

Plaintiffs are still unable to specify the "overt acts" the unnamed defendants allegedly committed in furtherance of the conspiracy.  They assert that "it is indisputable that more than one overt act was taken by defendant Callaway in furtherance of slandering the plaintiffs' name [*sic*]." (Pls.' Opp., DE 9, Page ID # 194).  But civil conspiracy liability only attaches to conspirators who commit their own overt acts. *Cf. Ecotone Farm, LLC v. Ward*, Case No. 11-5094, 2016 U.S. Dist. LEXIS 160876, at *5 (D.N.J. Nov. 21, 2016) ("A tortious agreement . . . does not require that *each* conspirator have committed *each* of the overt acts encompassed by the conspiracy.") (emphasis added).  Callaway's statements cannot alone inculpate the remaining unnamed defendants as conspirators.  And regardless whether the conspirators "encouraged" Callaway or "collaborated" with him, their actual role in the conspiracy remains unclear.  How did the unnamed defendants "encourage"

4

Callaway? How did they "collaborate" with him? *Iqbal* and *Twombly* demand plausible answers to these questions. The complaint provides none.[3]

Plaintiffs' reliance on the *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989) test is likewise unavailing. (Pls.' Opp., DE 9, Page ID # 11). *Shearin* is irrelevant because that case addresses federal civil conspiracy law rather than New Jersey civil conspiracy claims. *Id.* at 1166-67 (citing federal civil conspiracy precedents). Even if *Shearin* applied, the complaint does not particularize "the certain actions . . . the alleged conspirators t[ook] to achieve" the

---

[3] Plaintiffs contend – for the first time in their opposition brief – that Callaway conspired with "certain Board Members" (*i.e.*, Atlantic City Board of Education members). (Pls.' Opp., DE 9, Page ID # 194). There is no corresponding allegation in the complaint to support that proposition. In fact, Plaintiffs allege that "[t]he identities of the [conspirators] are currently unknown and unconfirmed." (Compl., DE 1-2, Page ID # 16, ¶ 22).

Insofar as Plaintiffs seek to incorporate the "Board Member" allegations into the complaint by reference to their purported notice of tort claim, the Court should decline to consider this document because it is extraneous to the pleadings. *See Zisa v. Haviland*, Case No. 17-5551, 2018 U.S. Dist. LEXIS 180823, at *57 (D.N.J. Oct. 19, 2018) (holding that "the Tort Claim Notices are outside of the pleadings" because they "are not integral to or explicitly relied upon in the FAC."); *Nance v. Danley*, Case No. 17-6409, 2018 U.S. Dist. LEXIS 164834, at *5-7 (D.N.J. Sep. 26, 2018) (same; also holding that notices of tort claims are not "public records" for the purpose of resolving Rule 12(b)(6) motions).

Nor have Plaintiffs submitted an accompanying declaration from someone with personal knowledge attesting to the notice of tort claim's authenticity. *See Appleby v. Glaxo Wellcome, Inc.*, Case No. 04-0062, 2005 U.S. Dist. LEXIS 32875, at *6-7 (D.N.J. Dec. 13, 2005) ("Documents can be authenticated by an affidavit of an individual with personal knowledge able to provide evidence 'sufficient to support a finding that the matter in question is what its proponent claims.'"); *see also* Fed. R. Evid. 901(a).

conspiracy's aim. *Id.*; *see also BanxCorp v. Apax Partners., L.P.*, Case No. 10-4769, 2011 U.S. Dist. LEXIS 32364, at *11 (D.N.J. Mar. 28, 2011) ("[o]nly allegations of conspiracy which are particularized . . . will be deemed sufficient.") (quotation omitted).  Plaintiffs' vague assertion that the unnamed defendants "collaborated" with Callaway to defame them is not factually sufficient to withstand Rule 12(b)(6) dismissal.

Lastly, this Court should not retain the civil conspiracy claim expecting that Plaintiffs' ongoing investigation will drudge up enough facts to support their legal theory.  Yes, conspiracies may be "secret" and at times "so are the conspirators." (Pls.' Opp., DE 9, Page ID # 195).  But Rule 11(b)(3) mandates "an inquiry reasonable under the circumstances" to ensure a pleading's factual allegations "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Civil conspiracy claims are not actionable until an investigation uncovers plausible allegations from which the Court may reasonably infer that a conspiracy actually existed. *BanxCorp*, 2011 U.S. Dist. LEXIS 32364, at *10-11 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Assuming the slander per se claim could somehow pass for plausible, the Court has the discretion to dismiss the civil conspiracy claim without prejudice.

Plaintiffs would then be free to commence a new action should their "investigation" produce sufficient grounds for relief.

## **CONCLUSION**

For the above reasons, Callaway respectfully requests that the Court grant his motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

/s/ *Daniel W. Weininger*
Daniel W. Weininger (DW-5824)
Lento Law Group, P.C.
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
Tel: (856) 652-2000
Fax: (856) 375-1010
dwweininger@lentolawgroup.com
weiningerlaw@gmail.com

*Counsel for Defendant Craig Callaway*

Dated: May 10, 2021

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 10, 2021, I electronically filed the foregoing document with the Clerk of the Court and served Plaintiffs through the CM/ECF system.

/s/ *Daniel W. Weininger*
Daniel W. Weininger

*Counsel for Defendant Craig Callaway*
