**LENTO LAW GROUP, P.C.**
Daniel W. Weininger (DW-5824)
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
Tel: (856) 652-2000
Fax: (856) 375-1010
dwweininger@lentolawgroup.com
weiningerlaw@gmail.com
*Counsel for Defendant Craig Callaway*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTY SMALL and LaQUETTA SMALL,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG CALLAWAY and JOHN DOES 1-5,<br><br>Defendants. | Case No. 1:21-cv-08665-JHR-AMD<br><br>Motion Date: June 7, 2021<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CRAIG CALLAWAY'S OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................. ii

STATEMENT OF RELEVANT FACTS ...............................................................................1

ARGUMENTS .......................................................................................................................1

    I.    Removal Is Appropriate Because the Slander Per Se Claim Meets All Four *Grable* Elements ............................................................ 1

        A.    *Principles Governing the Removal of State Court Cases to Federal Court*........................................................ 1

        B.    *Application of the Grable Test to Plaintiffs' Slander Per Se Claim* ....................................................... 2

        C.    *Response to Plaintiffs' Arguments*................................. 4

    II.    The Only Precedent Addressing the Removability of Public Official/Public Figure Defamation Claims Has No Bearing on this Litigation ........................................................................ 8

CONCLUSION ...................................................................................................................13

CERTIFICATE OF SERVICE .......................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*ACLU v. Schundler*,
    168 F.3d 92 (3d Cir. 1999) .............................................................................. 12

*Bose Corp. v. Consumers Union*,
    466 U.S. 485 (1984) ........................................................................................ 6-7

*Collins v. Taos Bd. of Educ.*,
    893 F. Supp. 2d 1193 (D.N.M. 2012) ............................................................. 10

*Comdyne I, Inc. v. Corbin*,
    908 F.2d 1142 (3d Cir. 1990) ........................................................................... 7

*Curtis Publ'g Co. v. Butts*,
    388 U.S. 130 (1967) .......................................................................................... 3

*DeAngelis v. Hill*,
    180 N.J. 1 (2004) .............................................................................................. 7

*Dun & Bradstreet v. Greenmoss Builders*,
    472 U.S. 749 (1985) .................................................................................... 5, 12

*Dunn v. Gannett New York Newspapers, Inc.*,
    833 F.2d 446 (3d Cir. 1987) ........................................................................... 10

*Fortenbaugh v. New Jersey Press, Inc.*,
    317 N.J. Super. 439 (App. Div. 1999) .............................................................. 8

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers*
*Vacation Trust for S. Cal.*,
    463 U.S. 1 (1983) .............................................................................................. 2

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974) .......................................................................................... 9

*Gleason v. Smolinski*,
    319 Conn. 394 (2015) ....................................................................................... 8

*Goldman v. Citigroup Global Mkts., Inc.*,
    834 F.3d 242 (3d Cir. 2016) .............................................................................. 2

*Gunn v. Minton*,
    568 U.S. 251 (2013) ................................................................................... 2-3, 12

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005) ............................................................................... passim

*Herb v. Pitcairn*,
    324 U.S. 117 (1945) ......................................................................................... 4

*Johnson v. Robbinsdale Indep. Sch. Dist. No. 281*,
    827 F. Supp. 1439 (D. Minn. 1993) ................................................................ 10

*Konikoff v. Prudential Ins. Co. of Am.*,
    234 F.3d 92 (2d Cir. 2000) ............................................................................... 8

*Long v. Arcell*,
    618 F.2d 1145 (5th Cir. 1980) .......................................................................... 6

*Lynch v. N.J. Educ. Ass'n*,
    161 N.J. 152 (1999) ........................................................................................ 10

*Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
    772 F.3d 158 (3d Cir. 2014) ............................................................................. 2

*Milkovich v. Lorain Journal Co.*,
    497 U.S. 1 (1990) ....................................................................................... 5, 12

*New York Times Co. v. Sullivan*,
    376 U.S. 254 (1964) ............................................................................... passim

*Ortiz v. Univ. of Med. & Dentistry of N.J.*,
    2009 U.S. Dist. LEXIS 22145 (D.N.J. Mar. 18, 2009) ...................................... 4

*Reuber v. Food Chemical News, Inc.*,
    925 F.2d 703 (4th Cir. 1991) ............................................................................ 7

*Rosenblatt v. Baer*,
    383 U.S. 75 (1966) .................................................................................................. 5, 12

*Schiavone Constr. Co. v. Time, Inc.*,
    847 F.2d 1069 (3d Cir. 1988) ......................................................................................... 8

*Senna v. Florimont*,
    196 N.J. 469 (2008) ....................................................................................................... 3

*Spear v. Publix Super Market, Inc.*,
    2008 U.S. Dist. LEXIS 102227 (S.D. Fla. Dec. 18, 2008) ...................................................

*Stevens v. Tillman*,
    855 F.2d 394 (7th Cir. 1988) ..................................................................................... 9-12

*Tafflin v. Levitt*,
    493 U.S. 455 (1990) ....................................................................................................... 6

*Time, Inc. v. Firestone*,
    424 U.S. 448 (1976) ................................................................................................ 5, 12

*Ting v. Univ. of Bridgeport*,
    2011 U.S. Dist. LEXIS 61053 (D. Conn. Jun. 7, 2011) ...................................................... 4

*Williams v. Detroit Bd. of Educ.*,
    523 F. Supp. 2d 602 (E.D. Mich. 2007) ........................................................................ 10

## **Statutes**

28 U.S.C. § 1257 ................................................................................................................ 4-5, 12

28 U.S.C. § 1331 ...................................................................................................................... 1-2

28 U.S.C. § 1332 .......................................................................................................................... 1

28 U.S.C. § 1441 ..................................................................................................................... 1, 8

## **Court Rule**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 11

**Other Sources**

Black's Law Dictionary (8th ed. 2004) ................................................................. 8

## STATEMENT OF RELEVANT FACTS

Marty Small and his wife, Dr. LaQuetta Small (collectively, "Plaintiffs"), commenced this action against Craig Callaway and five unnamed defendants in New Jersey state court. Marty Small is Atlantic City's current mayor. (Compl., DE 1-2, at PageID 13, ¶ 13). Dr. Small is a principal in the Atlantic City Public School District. (*Id.* at PageID 10, ¶ 2). The complaint alleges causes of action for slander per se (Count 1) and civil conspiracy (Count 2). (*Id.* at PageID 15-16, ¶¶ 19-22). Callaway timely removed the case to the United States District Court for the District of New Jersey on April 8, 2021. (Not. of Removal, DE 1, PageID 1-7). Plaintiffs now move to remand the case to New Jersey state court. (Remand Mot., DE 7, PageID 119-20).

## ARGUMENTS

I. **Removal Is Appropriate Because the Slander Per Se Claim Meets All Four *Grable* Elements**

    A.   *Principles Governing the Removal of State Court Cases to Federal Court*

A party may timely remove a pending state court action to federal district court if the federal district court would have had original jurisdiction over the state court action. 28 U.S.C. § 1441. Federal courts have original jurisdiction over two types of actions: (1) diversity jurisdiction cases (28 U.S.C. § 1332); and (2) those cases where a federal question is presented (28 U.S.C. § 1331). Federal question

jurisdiction exists when a claim "aris[es] under" the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint rule" determines whether a claim "arises under" federal law and, therefore, whether removal is proper. *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). The rule "mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Id.*

Federal jurisdiction over *state* law claims – like Plaintiffs' slander per se action – exists where a federal question is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013). Federal questions are "necessarily raised" when the "vindication of a right under state law [must] necessarily turn[] on some construction of federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014) (alterations in original); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983).

  B.  *Application of the Grable Test to Plaintiffs' Slander Per Se Claim*

Plaintiffs' slander per se claim satisfies the *Grable* test. Since Mayor Small is a public official, and Dr. Small is either a public official or a public figure, they must both establish that Callaway published his statements with "actual malice,"

otherwise known as "constitutional malice." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964); *Senna v. Florimont*, 196 N.J. 469, 496 (2008) ("[t]he actual-malice standard will apply when the alleged defamatory statement concerns a public figure or a public official").

The actual malice standard derives from the First and Fourteenth Amendments to the United States Constitution. *New York Times*, 376 U.S. at 283 ("We conclude that such a privilege is required by the First and Fourteenth Amendments."). It is a "*federal rule* that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made . . . with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 279-80 (emphasis added); *see also Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 163-65 (1967) (Warren, C.J., concurring) (applying the actual malice standard to public figures).

Because Plaintiffs must establish "actual malice" as an element of their slander per se claim, and since the actual malice standard is "required by the First and Fourteenth Amendments," whether the complaint sufficiently alleges that Callaway published his statements with actual malice "necessarily raise[s]" a federal question that is "actually disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see also Grable*, 545 U.S. at 320 n.7 ("constitutional questions may be

3

the more likely ones to reach the level of substantiality that can justify federal jurisdiction."); *Ting v. Univ. of Bridgeport*, No. 11-20, 2011 U.S. Dist. LEXIS 61053, at *9 (D. Conn. Jun. 7, 2011) ("an alleged constitutional violation raises a more substantial federal issue that justifies exercise of federal jurisdiction."); *Ortiz v. Univ. of Med. & Dentistry of N.J.*, No. 08-2669, 2009 U.S. Dist. LEXIS 22145, at *7 (D.N.J. Mar. 18, 2009) ("If federal tax statutes, which the United States government relies upon for its continued existence, satisfy the *Grable* test, then the Constitution, upon which the United States's legal existence is predicated, surely suffices to satisfy the *Grable* test.").

  C. *Response to Plaintiffs' Arguments*

Plaintiffs see the matter differently. They maintain that the slander per se claim is purely "a State law tort presenting no Federal question." (Pls.' Br., DE 7-1, PageID 126). The United States Supreme Court's authority to review state court defamation rulings over the past sixty years directly refutes this premise.

The Supreme Court's jurisdiction to entertain challenges to state court judgments is limited. "Our only power over state judgments," the Court has repeatedly observed, "is to correct them to the extent that they incorrectly adjudge federal rights." *Herb v. Pitcairn*, 324 U.S. 117, 125-26 (1945); *see also* 28 U.S.C. § 1257(a) (authorizing Supreme Court jurisdiction "where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or

4

statutes of . . . the United States."). Yet the Court frequently waded into the field of state defamation law to vindicate First Amendment free press and free speech protections.

The formative pillars of the Supreme Court's modern defamation jurisprudence – including no less than the *New York Times* decision itself – all resulted from state defamation judgments. *New York Times Co. v. Sullivan*, 376 U.S. 254, 264 (1964) (granting certiorari to the Alabama Supreme Court); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 10 (1990) (granting certiorari to the Ohio Court of Appeals); *Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749, 753 (1985) (granting certiorari to the Vermont Supreme Court); *Time, Inc. v. Firestone*, 424 U.S. 448, 449-50 (1976) (granting certiorari to the Florida Supreme Court); *Rosenblatt v. Baer*, 383 U.S. 75, 77 (1966) (granting certiorari to the New Hampshire Supreme Court). The Court could not have adjudicated these appeals without some "title, right, privilege, or immunity . . . specially set up or claimed under the" federal constitution. 28 U.S.C. § 1257(a).

This case fits the same mold. Suppose Callaway never removed this litigation to federal court. And suppose the state trial court ruled in Plaintiffs' favor by dispensing with their burden to either plead actual malice altogether or prove it through clear and convincing evidence. Callaway then appeals and New Jersey's appellate courts affirm. Those state court decisions would all be appealable to the

5

United States Supreme Court. Why? Because they would violate the First Amendment to the United States Constitution and thereby raise a federal question. *See Bose Corp. v. Consumers Union*, 466 U.S. 485, 502-03 (1984) (stating that the actual malice standard is a "federal rule" "provided by the Constitution"); *Long v. Arcell*, 618 F.2d 1145, 1147 (5th Cir. 1980) ("the issue of actual malice is one of constitutional proportions").

Plaintiffs' reliance on New Jersey's model civil jury instructions to illustrate how defamation actions fall exclusively within the purview of state law is unpersuasive. (Pls.' Br., DE 7-1, PageID 131-32). Whether New Jersey's courts have decided public official/figure defamation actions in the past is no surprise. Our federal system of government invests state courts with concurrent jurisdiction to decide issues of federal law. *See, e.g., Tafflin v. Levitt*, 493 U.S. 455, 458-59 (1990) ("we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."). It's only natural that New Jersey's courts would have something to say about the actual malice standard over the past half-century. But state court concurrent jurisdiction in no way precludes Callaway from removing this public official/figure defamation case to a federal tribunal since the actual malice requirement is (1) a "federal rule" distilled from the First and Fourteenth Amendments, and (2) a prima facie element of the slander per se claim. *See New*

6

*York Times*, 376 U.S. at 279-80; *DeAngelis v. Hill*, 180 N.J. 1, 13 (2004) (stating that public official plaintiffs "must establish that the defendant knowingly or with reckless disregard for the truth published false statements . . . [c]ourts have referred to this standard as 'actual malice.'").

Plaintiffs also appear to suggest that the slander per se claim does not "necessarily raise" an "actually disputed" and "substantial" federal question because the actual malice standard is "collateral" and "peripheral" to the disposition of that cause of action. (Pls.' Br., DE 7-1, PageID 128). Quite the contrary. Actual malice is the focal point of public official/public figure defamation actions. The federal constitution imposes a uniform requirement that every state demand allegations and eventual proof of actual malice. *Bose*, 466 U.S. at 502-03. Recovery in the absence "of this critical element" otherwise violates the First and Fourteenth Amendments. *Reuber v. Food Chemical News, Inc.*, 925 F.2d 703, 712 (4th Cir. 1991); *see New York Times*, 376 U.S. at 279 (holding that state defamation laws allowing public officials to recover damages without proof of actual malice "is inconsistent with the First and Fourteenth Amendments.").

Lastly, Plaintiffs accuse Callaway of inventing the term "constitutional malice" as a synonym for "actual malice." In their view, "[t]hat phrase simply does not exist." (Mot., DE 7-1, Page ID # 131). A long train of federal and state courts beg to differ. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1153 n.15 (3d Cir. 1990)

7

(employing the term "constitutional malice" interchangeably with "actual malice"); *Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1086 (3d Cir. 1988) (same); *Fortenbaugh v. New Jersey Press, Inc.*, 317 N.J. Super. 439, 452 (App. Div. 1999) (same); *see also Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 99 (2d Cir. 2000) ("Constitutional or actual malice means publication 'with [a] high degree of awareness of [the publication's] probable falsity' or while 'the defendant in fact entertained serious doubts as to the truth of [the] publication.'"); *Gleason v. Smolinski*, 319 Conn. 394, 432 n.32 (2015) ("Qualified privileges may be defeated by a showing, by a preponderance of the evidence, of actual malice, also known as constitutional malice, or malice in fact.") (internal citation omitted). Substituting "constitutional malice" for the term "actual malice" is a conventionally accepted practice. Black's Law Dictionary (8th ed. 2004) (noting that actual malice is "[a]lso termed . . . constitutional malice").

Accordingly, the slander per se claim is removable under 28 U.S.C. § 1441 because it passes the *Grable* test. And Plaintiffs' arguments do not undermine this conclusion.

## II. The Only Precedent Addressing the Removability of Public Official/Public Figure Defamation Claims Has No Bearing on this Litigation

The removability of public official/figure defamation claims under 28 U.S.C. § 1441 is an issue of impression. The only authority that even remotely touches

8

upon this question is *Spear v. Publix Super Market, Inc.*, No. 08-81453, 2008 U.S. Dist. LEXIS 102227 (S.D. Fla. Dec. 18, 2008).

In *Spear*, a supermarket chain's representatives informed a local news station that it possessed surveillance video depicting two minors shoplifting from one of its stores. The minors (through their mother) commenced a defamation action against the supermarket chain in Florida state court alleging that the supermarket's statements to the news station were false. The supermarket removed the litigation to the United States District Court for the Southern District of Florida. The minors sought to remand the case to state court on the ground that the federal district court lacked federal question jurisdiction. The district court agreed.

Granting the motion to remand, the district court found that the minors were not public officials or public figures and, therefore, had no obligation to satisfy *New York Times*' "actual malice" standard. *Id.* at *10-11. The district court rejected the supermarket's contention that the minors still had to establish actual malice as "limited public figures" who had "thrust themselves before the media in order to influence the resolution of the issues involved" or that "the nature of the dispute" with the supermarket involved "a matter of public concern." *Id.* (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342-45 (1974)).

Most importantly, the district court expressly tied the minors' *non-public official/figure* status – and as a result, their exemption from demonstrating actual

9

malice as a prima facie element of their defamation claim – to the absence of any federal question warranting removal. As the district court observed:

> [w]hether Plaintiffs are or are not limited public figures *is a defense that defendant must raise in response to Plaintiffs' claims and establish during the course of the proceedings in order to impose upon Plaintiffs a higher burden of proof. It is not an element of Plaintiffs' cause of action*. Moreover, the essence of the "limited public figure" cases "is that the plaintiff must have been a public figure prior to the publication of the particular defamatory speech which is the issue of the litigation." In this case, even if Plaintiffs can be considered "limited public figures" at this point in time, Plaintiffs were not when the allegedly defamatory statements were uttered. Only after Defendant's employee made the allegedly defamatory comments to the news reporter and then after the comments were broadcast would Plaintiffs have become limited public figures, if at all. *This argument utterly fails to demonstrate a federal question and the propriety of removal.*

*Id.* (emphasis added) (internal citation omitted).

*Spear* is worlds apart from this case for that very reason. Mayor Small is a public official. *Dunn v. Gannett New York Newspapers, Inc.*, 833 F.2d 446, 450 (3d Cir. 1987); *see also Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 169 (1999). Dr. Small is either a public official or a public figure. *See Stevens v. Tillman*, 855 F.2d 394, 403 (7th Cir. 1988) (holding that public school principal is a public official); *Collins v. Taos Bd. of Educ.*, 893 F. Supp. 2d 1193, 1204-05 (D.N.M. 2012) (same); *Williams v. Detroit Bd. of Educ.*, 523 F. Supp. 2d 602, 610 (E.D. Mich. 2007) (same); *Johnson v. Robbinsdale Indep. Sch. Dist. No. 281*, 827 F. Supp. 1439, 1443 (D.

10

Minn. 1993) (same).  She concedes this point.[1]  Neither of them challenges whether actual malice is a prima facie element of their slander per se claim.  They solely dispute whether the complaint's allegations of actual malice are plausible and factually detailed enough to withstand Rule 12(b)(6) dismissal.  By comparison the minors in *Spear* were not public officials or public figures.  And insofar as the supermarket argued that they were "limited public figures," the district court dismissed that theory outright.  This critical distinction between Plaintiffs' public official/figure status and the minors' non-public official/figure status signifcantly curtails *Spear*'s usefulness in deciding whether the slander per se claim in this case raises a federal question.

Another aspect of *Spear* bears special mention.  After holding that the supermarket "utterly fail[ed] to demonstrate a federal question and the propriety of removal" the district court noted in passing that "even assuming Plaintiffs will be required to meet the First Amendment based 'actual malice' standard of proof in this case, concluding that a federal question arises in every defamation case involving a public figure would disturb the congressionally approved balance of federal and state

---

[1] Plaintiffs acknowledge that Dr. Small is a public figure who must plausibly demonstrate Callaway published his statements with actual malice. (Pls.' Opp., DE 9, PageID 189) ("Because Plaintiffs are public figures, proof that defendant Callaway was motivated by actual malice . . . is required.").

11

responsibilities." *Spear*, 2008 U.S. Dist. LEXIS 102227, at *11 (citing *Grable*, 545 U.S. at 314). The Court should decline to adopt this reasoning on two grounds.

*First* – it's dicta. And dicta – especially those appearing in unpublished, out-of-circuit district court cases – are not binding. *See ACLU v. Schundler*, 168 F.3d 92, 98 n.6 (3d Cir. 1999) (collecting cases).

*Second* – any ruling that public official/figure defamation claims necessarily implicate a federal question would not upset the federalism concerns enunciated in *Grable*. Recall that Congress expressly authorized the Supreme Court to review state court judgments "where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of . . . the United States." 28 U.S.C. § 1257(a). And in interpreting this provision, the Supreme Court granted certiorari in a good number of state court defamation cases without ever overstepping what it deemed to be "the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see also Grable*, 545 U.S. at 314. Just look no further than *New York Times* and its progeny. *New York Times*, 376 U.S. at 264; *see also Milkovich*, 497 U.S. at 10; *Dun & Bradstreet*, 472 U.S. at 753; *Firestone*, 424 U.S. at 449-50; *Rosenblatt*, 383 U.S. at 77.

For all these reasons, *Spear* is a worthwhile read that, unfortunately for this Court, leaves not much else than a blank slate in its wake.

## **CONCLUSION**

In view of the foregoing, Callaway respectfully requests that the Court deny Plaintiffs' motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c).

/s/ *Daniel W. Weininger*
Daniel W. Weininger (DW-5824)
Lento Law Group, P.C.
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
Tel: (856) 652-2000
Fax: (856) 375-1010
dwweininger@lentolawgroup.com
weiningerlaw@gmail.com

*Counsel for Defendant Craig Callaway*

Dated: May 24, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2021, I electronically filed the foregoing document with the Clerk of the Court and served Plaintiffs through the CM/ECF system.

/s/ *Daniel W. Weininger*
Daniel W. Weininger

*Counsel for Defendant Craig Callaway*