UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTY SMALL, SR. and LAQUETTA SMALL, | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiffs, | : | Civ. No. 21-8665 |
| | : | |
| v. | : | |
| | : | |
| CRAIG CALLAWAY and JOHN DOES 1-5, | : | |
| | : | OPINION |
| Defendants. | : | |

These matters come before the Court on Motion to Dismiss filed by Defendant Craig Callaway ("Callaway") [Dkt. 5] and on Motion to Remand [Dkt. No. 7] filed by Plaintiffs Marty Small, Sr. and Laquetta Small (the "Smalls"). Marty Small is the current Mayor of Atlantic City, New Jersey. He is married to Laquetta Small, who is a principal in the Atlantic City Public School District. Defendant Callaway is a well-known citizen and public servant in Atlantic City. The parties in this case are well known to each other, are parties against each other in a separate civil matter before this Court, and the Court is familiar with the federal criminal matter at the heart of the Small's present Complaint.

The Smalls commenced this action in the Atlantic County Law Division of the New Jersey Superior Court. The matter was removed based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Plaintiffs' Motion to Remand challenges this Court's jurisdiction over the two- count Complaint pleading claims of Slander Per Se and Civil Conspiracy, respectively.

Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises

1

under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). That is, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues" or "turn on substantial questions of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing, 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005).

Callaway argues that the Smalls are public officials and, therefore, their claim of slander presents a federal question.  In support of this argument, Callaway lists a number of cases involving claims of libel, defamation, and slander considered by federal courts.  The most notable is the Supreme Court's decision in New York Times Co. v. Sullivan, 376 U.S. 254, 279–80, 84 S. Ct. 710, 726, 11 L. Ed. 2d 686 (1964).

In his brief, Callaway argues that the Supreme Court in Sullivan recognized the need for "a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." Brief at pp.4-5. (quoting Sullivan, at 279–280). Callaway continues that "[t]his rule was prompted by a concern that, with respect to the criticism of public officials in their conduct of governmental affairs, a state-law "'rule compelling the critic of official conduct to guarantee the truth of all his factual assertions' would deter protected speech." Id. (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 33 (1974)). Finally, Callaway posits that the Supreme Court "could not have adjudicated these appeals without some "title, right, privilege, or immunity . . . specially

2

set up or claimed under the" federal constitution. Brief at p. 5. (quoting 28 U.S.C. § 1257(a)).

The cases cited by Callaway simply do not support his theory that a slander claim made by a public official constitutes a federal question and confers this Court with jurisdiction. In Sullivan, 376 U.S. 254, the Supreme Court held that the First Amendment placed limits on the application of Alabama's state law of defamation. It did not address federal question jurisdiction over the underlying defamation claim by a public official; rather the Court considered the Constitutional sufficiency of Alabama's state law of defamation and whether that law provided the adequate protections for freedom of speech and of the press required by the First and Fourteenth Amendments. Id. Sullivan does not stand for the proposition Defendant claims.

Plaintiffs' claims of Slander Per Se and Civil Conspiracy sound in state law and do not turn on substantial questions of federal law. Because the Court finds that the slander per se and civil conspiracy claims in Counts I and II of the Complaint do not arise under federal law, this Court does not have original jurisdiction over the action as contemplated by 28 U.S.C. § 1441, and the matter will be remanded to State court pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction. The Court will not address Defendant's Motion to Dismiss.

An appropriate Order shall issue.

Dated: February 7, 2022

/s/ Joseph H. Rodriguez,
HON. JOSEPH H. RODRIGUEZ,
United States District Judge

3